1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 20-CR-1791-JLS |
| Plaintiff, | ) ) | **PROTECTIVE ORDER REGARDING GRAND JURY MATERIALS** |
| v. | ) ) | |
| ROXANA JIMENEZ, | ) ) | |
| Defendant. | ) ) | |
| | ) ) ) | |

Pursuant to the Court's oral order allowing Defendant to review procedural grand jury materials (*see* ECF No. 68), it is hereby ordered as follows:

1.    The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures and may not be disclosed. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.

2.    The materials either must be returned to the Court at the commencement of jury selection, or counsel, their staff, and their experts and consultants must certify that the

-1-

materials have been destroyed and that no materials have been retained in any duplicative form.

3.     Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties, except experts and consultants. Similarly, the materials may only be disclosed to individuals who have a need to view the materials "as may be necessary in the preparation or presentation of" a motion to dismiss on the ground of "substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867.

4.     Defendant shall not possess the materials at any time, except when reviewing the materials with counsel. The materials may not be carried into or reviewed in any detention facility or residence of the defendant. The materials may be reviewed by defendant, if in custody or under home detention, by whatever approved arrangements can be made with the Bureau of Prisons or Pretrial Services to facilitate any such review, including video or audio conference procedures that have been utilized during the current COVID-19 pandemic.

5.     Every attorney who accesses the materials is personally responsible not only for his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member, expert, or other person who is shown the materials consistent with the parameters of this Order.

6.     Materials that have been identified as available for review in the Clerk's Office may not be removed from the Clerk's Office.  Because these documents may contain personal identifying information, these documents shall not be subject to review by Defendant directly. Counsel shall not record in any manner any personal identifying information that appears in these documents.

7.     Counsel, their staff, experts, consultants, defendant, and the government are reminded that "[a]ny person who discloses the contents of any record or paper in violation

of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

      IT IS SO ORDERED.

DATED: _____01/13/2022_____

                                HON. JANIS L. SAMMARTINO
                                United States District Judge

ACKNOWLEDGMENT

I have reviewed the foregoing protective order and I agree to be bound by its terms.

DATED: January 13, 2022

                                PATRICK C. SWAN
                                Assistant U.S. Attorney

DATED: 1/13/22

                                ZAINAB KHAN
                                Attorney for Defendant